January 11, 1939

Board of Pardons and Paroles
State of Texas
Austin, Texas

Gentlemen:                    Attention: Mr. T. C. Andrews

Opinion No. O-70
Re: Jurisdiction of District Court other
than court in which conviction was had to
determine question of sanity of insane
person under sentence of death, in event
the sentence is commuted to life imprison-
ment.

Your request for an opinion has been received by this office.
You ask substantially the following question:

May a person convicted of murder in Bexar County, sentenced
to death, subsequently adjudicated insane by the Bexar County
District Court, and at present confined in the penitentiary at
Huntsville as an insane person under sentence of death, (because
of the refusal of the superintendent of any state hospital for
the insane to receive him as an insane person after an action
to declare him sane had been filed and tried in the District
Court of Bexar County, the jury failed to agree, and the District
Judge of Bexar County refused to try him again) be tried in Walker
County for the purpose of determining the question of his sanity,
should the Governor commute his death sentence to life imprison-
ment in the penitentiary?

This Department is of the opinion that commutation of the
death sentence by the Governor will neither confer potential
jurisdiction on the Walker County District Court if it does not
now possess it, nor deprive it of potential jurisdiction if it
now possesses potential jurisdiction.

Article 34, Penal Code of Texas, 1925, provides in part
as follows:

"...No person who becomes insane after he is found
guilty shall be punished while in such condition."

Article 928, Code of Criminal Procedure of Texas, 1925, as
amended by Acts 1935, 44th Legis., p. 557, ch. 299, sec. 1, pro-
vides as follows:

"If the defendant becomes sane, he shall be brought before
the court in which he was convicted or before the District

Court in the County in which the defendant is located at the time he is alleged to have become sane; and, a jury shall be impaneled in the Court before which such defendant is brought to try the issue of his sanity; and, if he is found to be sane, the conviction shall be enforced against him as if the proceedings had never been suspended. "

The effect of this Article is to confer concurrent jurisdiction to determine the question of sanity arising after conviction and judgment of insanity, upon either the court in which the conviction was had or the district court of the county in which the subject defendant is located at the time the allegations of his sanity are filed.

Therefore it would appear that since the subject of your inquiry is at present located in the penitentiary at Huntsville in Walker County, the Walker County District Court has jurisdiction, under this statute, to determine the question of the subject's sanity, and if he is determined to be sane, the death sentence must be enforced against him unless the Governor intervenes.

In investigating this question it has come to the attention of this Department that the Legislature, while it amended Article 928 as above indicated, failed to amend Articles 929 and 930 of the Code of Criminal Procedure, 1925. From this omission it appears that while the procedure in such cases before the court in which the conviction is had is fully prescribed by such articles, the Legislature has failed to prescribe the procedure to be followed in such cases before the District Court of the county in which the defendant is located at the time he is alleged to have become sane, in the event the suit is instituted in the latter county rather than the court in which the conviction was had.

However, in accordance with general rules, where the Legislature fails to prescribe rules of procedure in detail, the trial court is authorized to adopt reasonable rules and regulations relating to such procedure, and if the procedure set out in Articles 929 and 930 is followed so far as applicable, it is our opinion that will be sufficient.

Your attention is likewise directed to the fact that it cannot be determined from your letter whether the action to declare McKenzie sane, once tried in the District Court of Bexar County and resulting in a hung jury, is still pending.

If this action is still pending in Bexar County, it is our opinion that by reason of the prior pendency of such action in that court, the District Court of Bexar County will have exclu-

sive jurisdiction to determine the question of sanity unless and until such cause is dismissed.

Yours respectfully,

ATTORNEY GENERAL OF TEXAS


By          R. W. Fairchild
                Assistant


APPROVED:


ATTORNEY GENERAL OF TEXAS